**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION** 1:20 MC 004⁷⁷

| | | |
|---|---|---|
| IN RE ARBITRAL SUBPOENA *DUCES* | ) | MISC. CASE NO. |
| *TECUM* SERVED ON RAVAGO | ) | |
| HOLDINGS AMERICA, INC. | ) | JUDGE |
| | ) | |

JUDGE OLIVER

**PETITION TO ENFORCE**
**ARBITRAL SUBPOENA *DUCES TECUM***

I.     **INTRODUCTION**

Petitioner Thomas J. Bohan, Claimant in the American Arbitration Association

("AAA") arbitration proceeding captioned *Thomas J. Bohan v. Jeffrey L. Rand*, AAA Case No.

01-19-0000-9210, pending in Cleveland, Ohio (the "Arbitration"), hereby petitions this Court to

enforce a subpoena *duces tecum* (the "Subpoena"), attached as Exhibit 1, issued to Ravago

Holdings America, Inc. ("Ravago") on December 4, 2019 by AAA Arbitrator George Krueger.

The Federal Arbitration Act ("FAA"), Section 7, gives the United States District Court for the

Northern District of Ohio the sole authority to enforce arbitral subpoenas issued by arbitrators

seated in this District. *See* 9 U.S.C. § 7.

In an Order issued on December 4, 2019, Arbitrator Krueger confirmed that the

documents and information sought in the Subpoena are relevant and material to the issues in the

Arbitration.  *See* Order Overruling Document Production Objections Based on Confidentiality

Concerns dated December 4, 2019, p. 2, attached as Exhibit 2.

Petitioner caused the Subpoena to be served on Ravago by Certified Mail on

December 5, 2019.  Petitioner's counsel also provided Ravago and its in-house and outside counsel

with a courtesy copy of the Subpoena by email on December 4, 2019.  Ravago refused to comply,

and instead filed a motion to quash the Subpoena in the United States District Court for the Middle

District of Florida, although that court does not have jurisdiction to address these issues based on

the express, unambiguous language of Section 7 of the FAA. (*See* Declaration of Frances Floriano Goins, Esq. ("Declaration), ¶¶ 7-8 (attached).

Petitioner's only recourse is to seek enforcement of the Subpoena in this Court. Based on Section 7 of the FAA and the well-reasoned precedent of the Sixth Circuit, Petitioner asks this Court to enforce the Subpoena and require Ravago to produce the responsive documents.

## II.     STATEMENT OF FACTS

Petitioner's claims in the Arbitration relate to a series of transactions that he, arbitration Respondent Jeffrey L. Rand, and Ravago and its related entities entered into in 2019. The transactions resulted in Ravago and/or its related entities purchasing the stock of two companies owned by Mr. Rand, HB Chemical Corporation and HB Chemical México, S.A. de C.V., as well as the assets of HB Alchemy, LLC ("Alchemy"), a company jointly owned by Petitioner, Mr. Rand, and one minority owner. (*See* Declaration at ¶ 5.) Petitioner's claims in the Arbitration include breach of fiduciary duty against Mr. Rand, based on his unauthorized actions in secretly marketing Alchemy without consulting Petitioner or providing potential buyers with sufficient information to adequately value the company. As a result, Mr. Rand's companies were overvalued in the transactions with Ravago and Alchemy was undervalued, resulting in a windfall benefit to Mr. Rand, and an unjustifiably low payout to Petitioner for his interest in Alchemy.

Petitioner requested the Subpoena to Ravago to enable him to view documents and information that are necessary, material, and relevant to his Arbitration claims, including his claims as to the value of Alchemy. The Subpoena commands Ravago to produce documents relating to the transactions, including documents relating to the marketing of Alchemy and other companies involved in the transactions, documents relating to the valuation of Alchemy and the other companies involved in the transactions, and communications relating to the transactions. *See*

Exhibit 1. Many of these requests focus on the methodology Ravago used to calculate the value of Alchemy and the other companies, as well as financial information related to the transactions.

In an Order, Arbitrator Krueger confirmed that the documents and information requested in the Subpoena, which mirror, in part, Mr. Bohan's discovery requests to Respondent Jeffrey L. Rand, are relevant and material to the Arbitration and must be turned over to Petitioner. *See* Exhibit 2, p. 2.

Although Ravago received and was clearly aware of the Subpoena as early as December 4, 2019, it refused to comply (*see* Declaration at ¶¶ 7-8), and instead filed a motion to quash in the United States District Court for the Middle District of Florida on December 18, 2019. Although that action remains pending, the Middle District of Florida lacks jurisdiction to grant the relief that Ravago seeks. Only this Court is authorized to enforce or quash a subpoena issued by an arbitrator seated in the Northern District of Ohio. FAA, Section 7. Given Ravago's continued refusal to comply with the Subpoena, Mr. Bohan asks this Court to enforce the Subpoena and compel Ravago to produce the documents and information that Arbitrator Krueger confirmed are relevant and material to the Arbitration.

## III.   LAW AND ARGUMENT

The FAA, enacted in 1925, codifies the enforceability of binding arbitration agreements and cements the statutory preference for arbitration. *See* 9 U.S.C. §§ 2-3. The United States Supreme Court and other federal courts interpreting the FAA confirm support for arbitration as an efficient, less expensive alternative to litigation that allows aggrieved parties to prosecute their claims before an experienced neutral who can give the parties a final, binding result. The Supreme Court acknowledges and encourages the "liberal federal policy" favoring arbitration and arbitration agreements. *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002). The Court also

noted, "The Federal Arbitration Act is a law of the United States… Consequently, the judges of every state must follow it." *DIRECTV, Inc. v. Imburgia*, 136 S.Ct. 463, 468 (2015).

Under Section 7 of the FAA, only the federal district court in which an arbitrator is sitting can hear a motion to enforce or a motion to quash an arbitral subpoena. *See* 9 U.S.C. at § 7. Section 7, in pertinent part, states:

> [I]f any person or persons so summoned to testify shall refuse or neglect to obey said summons, **upon petition the United States district court for the district in which such arbitrators, or a majority of them, are sitting** may compel the attendance of such person or persons before said arbitrator or arbitrators, or punish said person or persons for contempt in the same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States.

*Id.* Arbitrator Krueger is sitting in Cleveland, Ohio for this Arbitration and only the United States District Court for the Northern District of Ohio has authority to enforce the Subpoena and grant Petitioner the relief that he seeks.

**A.**     **This Court has Jurisdiction to Consider this Petition and Venue is Proper in this District.**

This Court has subject matter jurisdiction and personal jurisdiction, both of which are required for the Court to grant Petitioner's request for enforcement of the Subpoena. Subject matter jurisdiction is conferred on this Court by the FAA and the United States Code. Additionally, this Court has personal jurisdiction over Petitioner, a resident of this District. It also has specific personal jurisdiction over Ravago pursuant to well-reasoned Sixth Circuit case law that evaluates whether a court has personal jurisdiction pursuant to a three-factor test. Ravago had numerous contacts with the Northern District of Ohio in connection with the transactions and continues to do business in this District and, on information and belief, the documents sought are located in this District. Finally, venue is proper in this Court based on the United States Code and the FAA.

1.    **Only the United States District Court for the Northern District of Ohio has Subject Matter Jurisdiction to Enforce the Subpoena.**

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and Section 7 of the FAA. *See, e.g. Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000) (noting that a court must have jurisdiction pursuant to the FAA, in addition to subject matter jurisdiction pursuant to the United States Code, in order to act pursuant to a section of the FAA that seemingly confers independent jurisdiction on a court). Pursuant to 28 U.S.C. § 1332, a court has subject matter jurisdiction based on diversity when the following two conditions are met:

1.    The amount in controversy exceeds $75,000; and

2.    The parties are citizens of different states.

Ravago conceded in the improperly filed miscellaneous action pending in the Middle District of Florida that the amount in controversy exceeds $75,000 and the parties are citizens of different states – Petitioner is a citizen of Ohio; Ravago maintains its primary place of business in the State of Florida and it is organized under the laws of the State of Delaware, which makes Ravago a citizen of Florida and Delaware. (*See* Declaration at ¶ 9.) Therefore, this Court has subject matter jurisdiction based on complete diversity of the parties. *See* 28 U.S.C. § 1332.

This court also has subject matter jurisdiction pursuant to Section 7 of the FAA, which authorizes the federal district court in which an arbitrator is sitting to enforce an arbitral subpoena issued by that arbitrator. 9 U.S.C. § 7. Arbitrator Krueger is authorized by the AAA to serve as the sole neutral in this case. Arbitrator Krueger will preside over the Arbitration in Cleveland, Ohio. (*See* Declaration at ¶ 4.) Thus, for the purposes of Section 7 of the FAA, Arbitrator Krueger is sitting in the Northern District of Ohio.

### 2.  This Court has Personal Jurisdiction over Ravago.

This Court has personal jurisdiction over Ravago.  "The Supreme Court distinguishes between 'general' jurisdiction and 'specific' jurisdiction, either one of which is an adequate basis for personal jurisdiction." *Youn v. Track, Inc.*, 324 F.3d 409, 417-18 (6th Cir. 2003) (finding that the district court had personal jurisdiction over the parties), citing *Burger King*, 471 U.S. at 472, 473 n. 15, 105 S.Ct. 2174 (1985); *see also Conti v. Pneumatic Prods. Corp.*, 977 F.2d 978, 981 (6th Cir. 1992) (noting that a distinction between general and specific jurisdiction exists for the purpose of due process analysis).  This Court has personal jurisdiction over Ravago pursuant to the doctrine of specific personal jurisdiction, which "exists when 'a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum.'" *Id.* at 418, quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, n. 8 (1984).

This Court has specific personal jurisdiction over Ravago because of Ravago's contacts with the Northern District of Ohio through its subsidiary, HB Chemical Corporation, and its ongoing activities in this District.  The Sixth Circuit employs a three-part test to determine whether a court has specific personal jurisdiction over a party.  The factors are:

> (1) '[T]he defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state;'
>
> (2) '[T]he cause of action must arise from the defendant's activities there;' and
>
> (3) '[T]he acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id.* at 418, quoting *Southern Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

In *Youn*, the Sixth Circuit identified five contacts that the company at issue had with Ohio and held that this satisfied the three-factor test to establish that the court had specific personal jurisdiction over the company, *id.* at 418, but also noted that there are instances where one contact with the forum state is sufficient to establish specific personal jurisdiction. *Id.* (citations omitted). Ravago's contacts with Ohio are as extensive, if not more extensive, than the company in *Youn*. Therefore, the Court has specific personal jurisdiction over Ravago.

> a. Ravago purposefully availed itself of the privilege of acting in Ohio and causing consequences in Ohio.

Ravago purposefully availed itself of acting in Ohio and caused numerous consequences within Ohio by entering into transactions to purchase companies and assets of companies based in the Northern District of Ohio. For purposes of the first factor, "A defendant has 'purposefully availed' [itself] of a forum by engaging in activity that should provide 'fair warning' that [it] may have to defend a lawsuit there." *Youn*, 324 F.3d at 418-19, citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980). Ravago sought out and purchased Ohio-based companies in a complicated, costly transaction that affected Ohio residents who owned the purchased companies and worked for the Ohio-based companies. *See* September 14, 2018 Letter of Intent from Ravago Holdings America, Inc., attached hereto as Exhibit 3. As a result of its actions in Ohio, Ravago acquired new assets and companies formed under the laws of the State of Ohio, and continues to run and control HB Chemical Corporation in Ohio. (*See* Declaration at ¶ 5.) Ravago also leases space in the Northern District of Ohio (warehouse and office space located in Twinsburg, Ohio) that is used to continue the operations of the purchased companies. Ravago's extensive contacts with Ohio have put Ravago on notice that it can be sued in this forum. Therefore, the first factor of the test is satisfied. (*See id.* at ¶ 10.)

7

           b.      This miscellaneous action arises out of Ravago's contacts with Ohio.

Second, both this Motion and the causes of action that Claimant is pursuing in the Arbitration are related to Ravago's actions in Ohio.  The Sixth Circuit holds, "The law of this circuit is that the 'arising from' requirement is satisfied if the cause of action is 'related to' or 'connected with' the defendant's forum contacts." *Youn*, 324 F.3d at 419, quoting *Third Nat. Bank in Nashville v. WEDGE Group Inc.*, 882 F.2d 1087, 1091 (6th Cir. 1989).  As in *Youn*, this prong of the three-factor test is easily met because this Petition and the subpoenaed documents all relate to commercial activity connected to Ohio: Ravago's purchase of Ohio-based companies and assets. *Youn* 324 F.3d at 419.  Ravago frequently communicated with Mr. Rand, an Ohio resident, Petitioner, an Ohio resident, their counsel, who are based in Ohio, and Mr. Rand's investment bank and banker, who are located in Ohio.  Ravago purchased Ohio-based companies and continues to do business in and maintain a physical presence in Ohio through HB Chemical Corporation and its use of real property located in Twinsburg, Ohio.  (*See* Declaration at ¶¶ 5, 10.)  Therefore, the second factor is satisfied and supports this Court's exercise of specific personal jurisdiction over Ravago.

           c.      Ravago's substantial contacts with Ohio and Ohio residents support this Court's exercise of specific personal jurisdiction over Ravago.

Third, it is reasonable for Ravago to expect that some action might be brought against it in the State of Ohio and within this District based on its extensive dealings within the State related to its acquisition of Ohio-based companies and assets.  To evaluate the third factor, the Sixth Circuit balances "the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief." *See id.*, quoting *Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano Cty.*, 480 U.S. 102 (1987).  The balance here clearly favors Petitioner.

Based on the fact that Petitioner resides in the Northern District of Ohio and Ravago has contacts in the Northern District of Ohio, both parties have an interest in resolving this matter in Ohio. *See Youn*, 324 F.3d at 419 (finding that since the plaintiff resides in Ohio and the defendant has connections with Ohio, then both parties have an interest in resolving their matter in Ohio) (citation omitted). Based on this fact alone, and the fact that Ohio has a "manifest interest" in providing relief to its citizens, Ravago is subject to specific personal jurisdiction in this Court. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985) (noting that "A State generally has a 'manifest interest' in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors).

Ravago may argue that it is burdensome to produce documents to Petitioner in response to the Subpoena. This argument is without merit. The transactions occurred within the past year, the universe of documents is relatively small, and most of the documents are in electronic form and can be easily transmitted. Moreover, most of the documents are housed at Ravago's HB Chemical Corporation facility here in the Northern District of Ohio. Arbitrator Krueger confirmed the relevance and materiality of the documents. Without them, Petitioner will be prejudiced because the materials sought in the Subpoena are material and relevant. The minimal time and expense associated with Ravago's production of responsive documents is outweighed by the immense benefit that the documents may have for Petitioner.

Any additional burden Ravago may face by litigating this Petition in the Northern District of Ohio is far outweighed by Petitioner's interest in seeking relief from this Court, especially because this is the **only** court to which he may go pursuant to Section 7 of the FAA. Ravago's connections with the State of Ohio are undeniable and continue today. It is appropriate for this Court to exercise personal jurisdiction over Ravago.

### 3.    Venue is Only Proper in this District.

Venue is proper in this Court based on Section 7 of the FAA.  Arbitrator Krueger is seated in the Northern District of Ohio and this Court is, therefore, the only court empowered to address this Petition.  Likewise, 28 U.S.C. § 1391 states that venue is proper "in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred..."  Here, Arbitrator Krueger issued the Subpoena in the name of the People of the State of Ohio, Petitioner's counsel served the Subpoena from the Northern District of Ohio, and the Subpoena indicates that Ravago may comply with the Subpoena by providing documents to Petitioner's counsel in Cleveland, Ohio.  *See* Exhibit 1.  Likewise, the underlying transactions concern Ohio-based companies and many of the allegations in the Arbitration relate to actions in and connections with the State of Ohio.  Ravago's refusal to comply is the only act or omission that did not occur in Ohio because it presumably made this decision from its Orlando, Florida headquarters.  Therefore, venue is proper in this Court pursuant to Section 7 of the FAA and 28 U.S.C. § 1391.

### B.    Arbitrator Krueger is Empowered to Order Prehearing Discovery through Non-Party Subpoenas.

Binding precedent from the Sixth Circuit Court of Appeals grants Arbitrator Krueger the power to order prehearing discovery from third-parties.  "[T]he FAA's provision authorizing an arbitrator to compel the production of documents from third parties for purposes of an arbitration hearing has been held to implicitly include the authority to compel the production of documents for inspection by a party prior to the hearing."  *Am. Fedn. of TV and Radio Artists, AFL-CIO v. WJBK-TV (New World Commun. Of Detroit, Inc.)*, 164 F.3d 1004 (6th Cir. 1999) (hereinafter referred to as "*Radio Artists*"), citing *Meadows Indem. Co. v. Nutmeg Ins. Co.*, 157 F.R.D. 42 (M.D. Tenn. 1994).  The Sixth Circuit is not alone in this holding.  The Eighth Circuit, recognizing that the efficiency of arbitration "is furthered by permitting a party to review and

digest relevant documentary evidence prior to the arbitration hearing," also held that "implicit in an arbitration panel's power to subpoena relevant documents for production at a hearing is the power to order the production of relevant documents for review by a party prior to the hearing." *In re Security Life Ins. Co. of Am.*, 228 F.3d 865, 870-71 (8th Cir. 2000).

The Sixth Circuit's holding on this issue accomplishes the liberal federal policy that favors arbitration. By permitting the arbitrators to issue subpoenas to third-parties, prior to the arbitration hearing, the arbitrator is able to manage discovery, the progress of the case, and control the hearing so that neither party is caught by surprise by a last-minute revelation from a non-party witness during the hearing. This holding also ensures that arbitrators are granted the necessary discretion to manage and control their cases without judicial intervention, which further enhances the efficiency of the arbitration process. *See e.g. Louisiana D. Brown 1992 Irrevocable Trust v. Peabody Coal Co.*, 205 F.3d 1340, *5 (6th Cir. 2000) (noting that Rule 10 of the Commercial Arbitration Rules grants arbitrators the authority to control discovery and determine other administrative matters); *see also Arnold v. Arnold Corp.*, 920 F.2d 1269, 1279 (6th Cir. 1990) (discussing the authority of arbitrators, pursuant to the AAA's Rules, to control discovery in cases before such arbitrators, including the authority to issue subpoenas for the production of documents and other evidence). Allowing Arbitrator Krueger to order pre-hearing discovery complies with the liberal federal policy that favors arbitration and the efficient resolution of arbitral claims, and it also complies with the binding precedent of this Circuit.

Arbitrator Krueger's discovery order, attached as Exhibit 2, confirms that the documents and information requested in the Subpoena are material and relevant to the Arbitration. *See* Exhibit 2. As the Sixth Circuit determined in *Radio Artists*, the FAA authorizes an arbitrator to compel production of documents "which may be deemed material as evidence in the case."

*Radio Artists*, 164 F.3d at 1010.  The Sixth Circuit, and other courts that have deferred to arbitral decision-making related to discovery often do so because of the court's at-best tangential relationship to the matter pending in arbitration.  "Given this Court's minimal contact with the issues involved in the litigation surrounding the pool, there is no reason to second guess the panel's determination as to relevance." *Meadows Indem. Co. Ltd. v. Nutmeg Ins. Co.*, 157 F.R.D. 42, 44 (M.D. Tenn. 1994); *see also Radio Artists*.  Courts have been consistently loathe to modify an arbitrator's discovery order based on the arbitrator's in-depth involvement in the case.  This is yet another case where an experienced neutral, Arbitrator Krueger, should be given the deference to determine whether documents and information are relevant to the Arbitration proceeding pending before him.

## IV.    CONCLUSION

The Subpoena is valid and should be enforced.  The documents and information sought in the Subpoena are relevant and material to the pending Arbitration proceeding and Petitioner will be severely prejudiced if he is denied access to this information that is central to his Arbitration claims.  Based on the foregoing, Petitioner respectfully moves this Court for an Order enforcing the Subpoena and compelling Ravago to comply and produce documents and information sought in the Subpoena.

Respectfully submitted,

Frances Floriano Goins (Ohio 0018631)
Trevor J. Hardy (Ohio 0091065)
ULMER & BERNE LLP
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113
(216) 583-7000 (p); (216) 583-7203 (f)
fgoins@ulmer.com
thardy@ulmer.com

*Attorneys for Thomas J. Bohan*